UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WINSTON NAJEE REED,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>TASHEENA COOKE, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:24-cv-00241-MMD-CSD<br><br>ORDER |

　　　　Plaintiff Winston Reed brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while incarcerated at Ely State Prison. (ECF No. 1-1.) On June 14, 2024, this Court ordered Reed to either pay the full $405 filing fee or file an application to proceed *in forma pauperis* by August 13, 2024. (ECF No. 3.) And on September 18, 2024, this Court ordered Reed to file his updated address by November 18, 2024. (ECF No. 4.) But both deadlines expired and Reed has not paid the filing fee, filed an application to proceed *in forma pauperis*, filed his updated address, moved for an extension, or otherwise responded to the Court's orders.

　　　　District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the

public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Reed's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). This Court cannot operate without collecting fees from litigants and this litigation cannot progress without Reed's compliance with the Court's orders and the ability of the Court and parties to send Reed case-related documents. So the only alternative to dismissal is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. These circumstances do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they

weigh in favor of dismissal.

It is therefore ordered that this action is dismissed without prejudice based on Winston Reed's failure to file his updated address and either pay the full filing fee or file an application to proceed *in forma pauperis* in compliance with the Court's June 14 and September 18, 2024, orders.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Reed wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or apply for *in forma pauperis* status.

DATED THIS 21st Day of November 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE